1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

9  JOHN WESTLAKE,                                    CASE NO. 1:05-CV-01293-OWW-DLB-P

10              Plaintiff,                           ORDER DISMISSING AMENDED
                                                     COMPLAINT WITH LEAVE TO AMEND
11       v.

12  J. WOODFORD, et al.,

13              Defendants.

14

                                              /
15

16  I.      Screening Order

17          A.      Screening Requirement

18          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

19  pursuant to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's amended complaint filed after

20  this action was severed from 1:05-cv-1170 REC DLB.

21          The court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

2  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

3  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467

4  U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt

5  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this

6  standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.

7  Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most

8  favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395

9  U.S. 411, 421 (1969).

10    B.    Summary of Plaintiff's Complaint

11    The events at issue in the instant action allegedly occurred at Pleasant Valley State Prison

12  ("PVSP").  Plaintiff names Director Woodford; Warden Yates; Associate Wardens Mattingly and

13  Trimble; Captain Williams; Classification Officers Cano and Chavez and Sergeant Lopez as

14  defendants.  Plaintiff is seeking money damages and injunctive relief.

15    Plaintiff alleges on August 11, 2005, he arrived at PVSP and was established as a Level 1

16  inmate.  He was told that he would be placed in orientation until he was classified by a committee.

17  However, instead of going to orientation, plaintiff contends he was placed in the B Yard facility gym

18  which housed approximately 100 Level 1, 2 and 3 inmates.

19    Plaintiff alleges that on August 22, 2005, a riot broke out on the yard between white and

20  Hispanic inmates.  Plaintiff alleges that he was not involved in the riot but was sprayed with peper

21  spray.  After the correctional officers had the riot under control, the inmates, including plaintiff were

22  placed on lockdown.  Plaintiff contends his constitutional rights were violated by defendants' failure

23  to place him on a Level I Yard and failure to protect him from prison violence.

24    C.    Plaintiff's Claims

25    1.    Section 1983 Linkage Requirement and Rule 8(a).

26    The Civil Rights Act under which this action was filed provides:

27    Every person who, under color of [state law] . . . subjects, or causes
      to be subjected, any citizen of the United States . . . to the deprivation
28    of any rights, privileges, or immunities secured by the Constitution .

1

2

. . shall be liable to the party injured in an action at law, suit in equity,
or other proper proceeding for redress.

3

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the

4

actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell

5

v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The

6

Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,

7

within the meaning of section 1983, if he does an affirmative act, participates in another's

8

affirmative acts or omits to perform an act which he is legally required to do that causes the

9

deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

10

Rule 8(a) of the Federal Rules of Civil Procedure calls for a "short and plain statement of the

11

claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of

12

notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim.

13

Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of

14

every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the

15

defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

16

Plaintiff's complaint is not in compliance with section 1983 linkage requirements because

17

it does not provide each defendant with fair notice of what that defendant did or did not do that

18

allegedly violated plaintiff's rights. Plaintiff describes allegedly wrongful conduct but he fails to link

19

the named defendants to any specific conduct. The court will provide plaintiff with an opportunity

20

to file an amended complaint curing these deficiencies and specially linking the named defendants

21

to his claims. In doing so, plaintiff should set forth enough facts so that each defendant is on notice

22

as to what he or she did or did not do that plaintiff believes violated his rights.

23

Plaintiff is also advised that under section 1983, liability may not be imposed on supervisory

24

personnel for the actions of their employees under a theory of respondeat superior. When the named

25

defendant holds a supervisorial position, the causal link between the defendant and the claimed

26

constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th

27

Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

28

To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some

3

1  facts indicating that the defendant either: personally participated in the alleged deprivation of

2  constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or

3  "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and

4  is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir.

5  1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although

6  federal pleading standards are broad, some facts must be alleged to support claims under section

7  1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

8       Plaintiff's claims also fail under the legal standards applicable to each claim.  In the sections

9  that follow, the court will provide plaintiff with the legal standards and an explanation as to the

10 deficiencies of his complaint.  Plaintiff should carefully review the legal standards that follow and

11 include only those claims in his amended complaint that plaintiff believes give rise to claims for

12 relief that are cognizable under section 1983.  In his amended complaint, plaintiff should separate

13 his claims by defendant or groups of defendants, and, as plainly and simply as possible, set forth only

14 those facts necessary to place defendants and the court on notice as to the basis of plaintiff's claim

15 against each defendant.

16       2.    Classification

17       Prisoners have no constitutional right to a particular classification status, see Moody v.

18 Daggett, 429 U.S. 78, 88, n.9 (1976), and prisoners have no constitutional right to be incarcerated

19 at a particular correctional facility.  Meachum v. Fano, 427 U.S. 215, 224-25 (1976).  Accordingly,

20 absent a motive that implicates constitutional concerns, the failure of plaintiff to be "classified" or

21 placed in orientation do not give rise to a claim for relief.  Plaintiff has alleged no facts that indicate

22 that a motive that would implicate constitutional concerns was behind plaintiff's placement on "B"

23 Yard.  Accordingly, plaintiff's allegations relating to the failure to defendants to properly classify

24 him fail to give rise to any claims for relief under section 1983.

25       3.    Eighth Amendment Claim

26       Plaintiff's alleges that defendants failed to protect him from violence and assault.  To

27 constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions

28 must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337,

1  347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide

2  prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Id.; Toussaint

3  v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.

4  1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison

5  officials may be held liable only if they acted with "deliberate indifference to a substantial risk of

6  serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

7       The deliberate indifference standard involves an objective and a subjective prong.  First, the

8  alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S.

9  825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must

10  "know of and disregard an excessive risk to inmate health or safety."  Farmer, 511 U.S. at 837.

11  Thus, "a prison official may be held liable under the Eighth Amendment for denying humane

12  conditions of confinement only if he knows that inmates face a substantial risk of harm and

13  disregards that risk by failing to take reasonable measures to abate it."  Farmer, 511 U.S. at 835.

14  Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk,

15  or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk.  Farmer, 511 U.S.

16  at 844-45.  Mere negligence on the part of the prison official is not sufficient to establish liability,

17  but rather, the official's conduct must have been wanton.  Farmer, 511 U.S. at 835; Frost v. Agnos,

18  152 F.3d at 1128; see also Daniels v. Williams, 474 U.S. 327, 330-32 (1986).

19       "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

20  Punishment Clause depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8

21  (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive

22  to contemporary standards of decency."  Id. at 8 (quotations and citations omitted).  "[E]xtreme

23  deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim."

24  Id. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause routine discomfort is part

25  of the penalty that criminal offenders pay for their offenses against society, only those deprivations

26  denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis

27  of an Eighth Amendment violation."  Id. (quotations and citations omitted).

28       Plaintiff's allegations do not support a finding that plaintiff was subjected to conditions so

1  grave that they rose to the level of an Eighth Amendment violation, <u>Hudson</u>, 503 U.S. at 9, or that

2  defendants acted with deliberate indifference by knowingly disregarding a substantial risk to

3  plaintiff. <u>Farmer</u>, 511 U.S. at 835.  Plaintiff has not alleged that any of the defendants had reason

4  to believe the riot would occur or that plaintiff was in any particular danger.  Indeed, plaintiff has

5  not alleged he was injured or even involved in the riot.  Accordingly, plaintiff fails to state an Eighth

6  Amendment claim against any of the named defendants.

7         D.     <u>Conclusion</u>

8         The court finds that plaintiff's complaint must be dismissed, with leave to amend, for failure

9  to comply with the linkage requirements of section1983 and for failure to state a claim upon which

10 relief can be granted.  The court has provided plaintiff with the legal standards that appear to be

11 applicable to his claims and will provide plaintiff with the opportunity to file an amended complaint.

12 In drafting his amended complaint, plaintiff is cautioned that it is his responsibility to organize his

13 complaint so that defendants and the court can readily ascertain which claims plaintiff is pursuing

14 against which defendants.

15        Finally, plaintiff is advised Local Rule 15-220 requires that an amended complaint be

16 complete in itself without reference to any prior pleading.  As a general rule, an amended complaint

17 supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once

18 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

19 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

20 of each defendant must be sufficiently alleged.

21        Based on the foregoing, it is HEREBY ORDERED that:

22        1.     Plaintiff's complaint is dismissed, with leave to amend;

23        2.     The Clerk's Office shall send plaintiff a complaint form;

24        3.     Within thirty (30) days from the date of service of this order, plaintiff shall file an

25               amended complaint;

26        4.     The failure to file an amended complaint that complies with this order may result in

27               an order striking the amended complaint from the record; and

28        5.     The failure to file an amended complaint will result in a recommendation that this

6

1        action be dismissed, without prejudice, for failure to obey a court order.

2        IT IS SO ORDERED.

3        **Dated:**    **December 1, 2006**                    _____ **/s/ Dennis L. Beck** _____
3b142a                                                       UNITED STATES MAGISTRATE JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28